# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Ming J. Chen, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 06233 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| Urban Partnership Bank, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff Ming Chen filed this action against Urban Partnership Bank, alleging a variety of federal and state claims in connection with two foreclosure actions that Urban Partnership brought against Chen in Illinois state court. R. 26, Am. Compl.[1] The state-court actions were triggered by Chen's failure to make payments on promissory notes issued by ShoreBank (Urban Partnership became the holders of the notes after the Federal Deposit Insurance Corporation took over ShoreBank, which is now defunct). *Id.* at 4-6. The notes were secured by mortgages on the foreclosed properties.[2] *Id.* Urban Partnership has filed a motion to dismiss

---

[1]Citations to the docket are designated "R.," followed by the docket entry and, where applicable, a page or paragraph number.

[2]Chen took out two mortgages from ShoreBank, one to finance a property located at 8849 South Princeton Avenue, Chicago, Illinois, Am. Compl. at 29-30, 32; *see also* R. 33-2, Mot. to Dismiss Exh. B, Princeton Foreclosure Compl., and another to finance a property located at 268 Braemer Court, Bolingbrook, Illinois, Am. Compl. at 36-43; *see also* R. 33-1, Mot. to Dismiss Exh. A, Braemer Foreclosure Compl. The Amended Complaint does not clearly state which claims correspond with which mortgage, or whether the acts that give rise to Chen's claims relate to one or both of the mortgages. But because it does not ultimately affect the analysis of the motion to dismiss, there is no need to parse the relationship between each of Chen's claims and the two mortgages.

for lack of subject-matter jurisdiction and failure to state a claim. R. 33, Mot. to Dismiss. For the reasons stated below, the motion is granted.

**I. Background**

For the purpose of deciding this motion, the Court accepts the allegations in the Amended Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In the mid-2000s, Chen took out two mortgages from ShoreBank. Am. Compl. at 2-3. One mortgage covered a property on South Princeton Avenue in Chicago, Illinois, and the other a property on Braemer Court, in Bolingbrook, Illinois. *See id.* at 2-3, 29, 32-33, 36-37, 39.

In 2010, ShoreBank filed for bankruptcy and was closed by the Illinois Department of Financial and Professional Regulation. Am. Compl. at 4; Mot. to Dismiss at 3. The Federal Deposit Insurance Corporation (FDIC) was later assigned as ShoreBank's receiver and succeeded to "all rights, titles, powers, and privileges" of ShoreBank. Am. Compl. at 4; Mot. to Dismiss at 3; *see* 12 U.S.C. § 1821 (c)(3)(A). Urban Partnership Bank then entered into a Purchase and Assumption Agreement with the FDIC and bought ShoreBank's assets. Am. Compl. at 4; Mot. to Dismiss at 3; *see also* R. 33-3, Mot. to Dismiss Exh. C, Purchase and Assumption Agreement.

In 2011, Chen fell behind on her payments on at least one of the mortgages. Am. Compl. at 4. Urban Partnership Bank filed state-court foreclosure actions against the Braemer Court property in 2012, Mot. to Dismiss at 2; R. 33-1, Mot. to Dismiss Exh. A, Braemer Foreclosure Compl., and against the South Princeton Avenue property in 2013, Mot. to Dismiss at 2; R. 33-2, Mot. to Dismiss Exh. B,

Princeton Foreclosure Compl. *See also* Am. Compl. at 4. The Circuit Court of Will County entered default judgment against Chen as to the Braemer Court property, and the house was sold at a sheriff's auction in December 2014 over Chen's objection and motion to reconsider approval of the sale. Am. Compl. at 6, 41-42. Chen then filed suit against Urban Partnership Bank in federal court, alleging two federal claims and ten state-law claims.[3]

## II. Standard

Urban Partnership Bank brings its motion under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A Rule 12(b)(1) motion tests whether the Court has subject-matter jurisdiction, *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009); *Long v. ShoreBank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999), while a Rule 12(b)(6) motion tests the sufficiency of the complaint, *Hallinan*, 570 F.3d at 820; *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When reviewing a motion to dismiss under either rule, the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Because Chen is a *pro se* plaintiff, her complaint is

---

[3]Specifically, Chen's federal claims arise under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* Am. Compl. at 8-10. Her state-law claims consist of alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*; unjust enrichment; defective sale; quasi contract; lack of subject-matter jurisdiction on the part of the state court; intentional infliction of emotional distress; violation of the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1501 *et seq.*; quiet title; and declaratory and injunctive relief. Am. Compl. at 7, 10-27.

liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Under Rule 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks and citation omitted). These allegations "must be enough to raise a right to relief above the speculative level," *id.* at 555, and must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The allegations entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

In order to survive a Rule 12(b)(1) motion, the plaintiff must establish that the district court has jurisdiction over an action. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2011), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). "If subject matter jurisdiction is not evident on the face of the complaint, [then] the ... Rule 12(b)(1) [motion is] analyzed [like] any other motion to dismiss, by assuming for the purposes of the motion that the allegations in the complaint are true." *United Phosphorus*, 322 F.3d at 946. But "if the complaint is formally sufficient but the contention is there that there is *in fact* no subject matter jurisdiction, [then] the

4

movant may use affidavits and other material to support the motion." *Id.* (emphasis in original).

### III. Analysis

Because the parties are not of diverse citizenship,[4] this Court may only exercise subject-matter jurisdiction if Chen adequately states at least one federal claim—that is, a claim "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. If she does, the Court may also exercise supplemental jurisdiction over any state-law claims that are "so related to [the federal] claims ... that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

### A. Federal Claims

The Amended Complaint asserts two federal claims. First, Chen alleges that she did not receive required disclosures about the costs and terms of the Braemer Court mortgage,[5] in violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. Although Chen directs this particular claim against, at different points, "Defendants," "ShoreBank/UPB," and "UPB," only ShoreBank could have committed the alleged acts or omissions giving rise to the claim because they occurred at the

---

[4]Chen and Urban Partnership Bank are both citizens of Illinois. *See* Am. Compl. at 2; Purchase and Assumption Agreement at 1 ("URBAN PARTNERSHIP BANK … [is] organized under the laws of the state of Illinois, and [has] its principal place of business in Chicago, Illinois."). Because the parties are citizens of the same state, the Court does not have diversity jurisdiction under 28 U.S.C. § 1332(a).

[5]In the Complaint, Chen does not explicitly state whether she means the South Princeton Avenue mortgage or the Braemer Court mortgage, but because she attaches an allegedly deficient Disclosure Statement for the Braemer Court property, Am. Compl. at 43, the Court will assume she means to bring the Truth in Lending claim in connection with that mortgage. In any event, whether the claim is related to the Braemer Court or the South Princeton Avenue mortgage does not affect the analysis or disposition of this motion.

time of loan origination. Am. Compl. at 8-9 ("Defendants failed to disclose [the required information] to the Plaintiff prior to the closing of the loan … . ShoreBank/UPB failed to provide borrower necessary information … within three days of the loan application."). Chen claims that "UPB" (meaning Urban Partnership Bank) specifically violated the Truth in Lending Act by providing Chen with a Disclosure Statement containing an incorrect APR, *id.* at 9, but the allegedly deficient Disclosure Statement is dated September 6, *2005*, *id.* at 43—well before Urban Partnership Bank took over ShoreBank's assets (including Chen's mortgages) in *2010*, *see* Purchase and Assumption Agreement. So the Truth in Lending Act allegations can implicate only ShoreBank's conduct, not that of Urban Partnership Bank.

And because Chen's claim is based on ShoreBank's pre-receivership conduct, this Court does not have jurisdiction to review it. Under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (which is known by its acronym, FIRREA), it is "the FDIC [that] has statutory authority to administer claims against" a failed bank—that is, "a depository institution for which the FDIC is receiver." *Farnik v. FDIC*, 707 F.3d 717, 720-21 (7th Cir. 2013) (citing 12 U.S.C. § 1821(d)(3), (d)(13)). "Courts lack authority to review [] claims relating to any act or omission of a failed bank or of the FDIC as receiver of a failed bank unless they are first subjected to FIRREA's administrative claims process." *Id.* at 722 (citing 12 U.S.C. § 1821(d)(13)(D)(ii)) (quotations omitted). ShoreBank is a failed bank. Am. Compl. at 4; Mot. to Dismiss at 3. Yet Chen does not allege that she has exhausted

her administrative remedies as FIRREA requires, nor does she plausibly allege that Urban Partnership Bank has committed wrongs that could serve as an independent basis for relief under the Truth in Lending Act.

Chen asserts that FIRREA's limitation on judicial review does not apply to her because ShoreBank sold her mortgages to Fannie Mae in 2006. R. 35, Pl.'s Resp. Br. at 3-4. Because ShoreBank no longer owned the mortgages when the FDIC was appointed receiver in 2010, so Chen's argument goes, her claims do not "seek[] a determination of rights with respect to the assets of [a] depository institution for which the [FDIC] has been appointed receiver" and therefore do not trigger FIRREA. *Id.* (citing 12 U.S.C. § 1821(d)(13)(D)(i)). But even if ShoreBank sold Chen's mortgages in 2006, that would not discharge Chen from the responsibility to exhaust her administrative remedies. FIRREA's limitation on judicial review does not just apply to claims involving the *assets* of a failed bank, it also applies to "[a]ny claim *relating to any act or omission*" of a failed bank, 12 U.S.C. § 1821(d)(13)(D)(ii) (emphasis added). Chen's Truth in Lending Act claim arises out of ShoreBank's alleged failure to make required disclosures. Because ShoreBank is a failed bank, and because Chen has not submitted to FIRREA's administrative claims process, no federal court may hear any of Chen's claims related to ShoreBank's pre-receivership conduct.[6]

---

[6]Although exhaustion requirements are not ordinarily considered *jurisdictional* requirements (as distinct from non-jurisdictional claims-processing rules), the Seventh Circuit has characterized a complete bypass of the FIRREA administrative-claims process as a deficiency in subject-matter jurisdiction. *Farnik*, 707 F.3d at 721 n.1.

This includes Chen's second federal claim, alleging violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, Am. Compl. at 9-10, to the extent that the claim is based on ShoreBank's conduct. But because Chen does not specify which bank committed the alleged violations of that statute (really, she does not describe what the violations actually are), it is possible that she intended to base that claim on Urban Partnership Bank's conduct, rather than ShoreBank's. If Urban Partnership Bank's conduct is the target of this claim, then the FIRREA jurisdictional bar would not apply.

Nevertheless, dismissal of the Equal Credit Opportunity Act claims is still required because Chen has not stated a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The Equal Credit Opportunity Act makes it "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction … on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract)." 15 U.S.C. § 1691(a)(1). The entirety of Chen's allegation in support of this claim consists of this quoted text and a statement that "[p]laintiff will prove her claims of defendant's violation of the [Act], in part, through a statistical analysis of defendants' loan transactions, based on quantitative data obtained from defendants' loan files. For their actions as described above, defendants have violated the [Act]."[7] Am. Compl. at 9-10.

---

[7]Although this allegation refers to "defendants" in the plural, the Amended Complaint names only Urban Partnership Bank as a defendant.

8

That is not nearly enough. Even construing the Amended Complaint liberally, *Arnett*, 658 F.3d at 751, Chen has not alleged a single fact that plausibly suggests Urban Partnership Bank violated the Equal Credit Opportunity Act. As best as can be discerned based on Chen's stated plan to "prove her claim … through a statistical analysis of defendants' loan transaction," Am. Compl. at 9-10, it appears that Chen seeks to allege a theory of disparate impact. But to survive dismissal under that theory, Chen would need to specify a "practice or policy responsible for the disparate impact," which she has not done. *See Hoffman v. Option One Mortg. Corp.*, 589 F. Supp. 2d 1009, 1011 (N.D. Ill. 2008). As a result, her allegations fail "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Chen has only provided "[t]hreadbare recitals of the elements of [an Equal Credit Opportunity Act claim], supported by mere conclusory statements, [which] do not suffice." *Iqbal*, 556 U.S. at 678. There is also no reason to allow another amendment to the complaint, because Chen has already amended the complaint once and because she offers no reason to think that there are additional allegations she can assert to fix the deficiency. So both of Chen's federal claims must be dismissed: the Truth in Lending Act claim for lack of subject-matter jurisdiction, and the Equal Credit Opportunity Act claim for failure to state a claim.

### B. State-Law Claims

"[W]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d

9

476, 479 (7th Cir. 2012) (citing *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010)) (quotations omitted). Although this presumption is rebuttable, "it should not be lightly abandoned." *Id.* at 479 (citations and quotations omitted). The presumption may be displaced if:

> (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided.

*Id.* (quoting *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514-15 (7th Cir. 2009).

None of these circumstances apply here. First, the statute of limitations for an Illinois state-law claim does not run during the time that a case is before a federal district court, so long as the case is dismissed by the district court for lack of jurisdiction. 735 ILCS 5/13-217. Second, at the dismissal-motion stage of litigation, "substantial judicial resources" have not yet been committed to the case. *See Sharp*, 578 F.3d at 515. And finally, it is not "absolutely clear" how to decide Chen's ten state-law claims. So the Court declines to exercise supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(c)(3). Jurisdiction over the state-law claims is relinquished, and those claims are dismissed without prejudice to refiling them in state court.

### IV. Conclusion

For the reasons stated above, Urban Partnership Bank's motion to dismiss, R. 33, is granted: the Truth in Lending Act claim is dismissed for lack of subject-

matter jurisdiction, and the Equal Credit Opportunity Act claim is dismissed with prejudice for failure to state a claim. The Court relinquishes supplemental jurisdiction over the state-law claims, so those claims are dismissed without prejudice to refiling them in state court.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: December 12, 2016